**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AKINTOYE LAOYE,<br><br>            Plaintiff,<br><br>    v.<br><br>JOHN DOE, et al.,<br><br>            Defendants. | Civil Action No. 20-1149 (MAS) (DEA)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff's motions seeking leave to proceed *in forma pauperis* (ECF No. 23), to reopen this matter (ECF No. 24), and to withdraw his proposed Federal Tort Claims Act complaint (ECF No. 22). The Court having determined that Plaintiff has shown that he is entitled to proceed without prepayment of fees in this matter, the Court will grant all three motions. Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his amended complaint (ECF No. 3) pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, or fails to state a claim for which relief may be granted. For the following reasons, Plaintiff's amended complaint shall be dismissed without prejudice, and Plaintiff's proposed FTCA complaint shall be dismissed without prejudice as withdrawn.

**I.   BACKGROUND**

Plaintiff is

> a native and citizen of Nigeria [who] entered the Untied States in 1996 . . . and later adjusted to F-1 non-immigrant student status. In 2008, he was charged as removable for failure to maintain full-time student status. [Plaintiff] was found removable on that basis,

> [received an administratively final order of removal,] and [the Third Circuit] denied his petition for review.
>
> [Plaintiff] subsequently filed several motions to reopen [his removal proceedings], which the [Board of Immigration Appeals ("BIA")] denied.

*Laoye v. Att'y Gen.*, 677 F. App'x 41, 42 (3d Cir. 2017).[1] These motions to reopen proceedings were ultimately denied by the BIA as both time barred and successive, and the Third Circuit affirmed the denial of those motions. *Id.* at 42-43.

In September 2019, Plaintiff filed a new motion to reopen his removal proceedings accompanied by a request for a stay of removal with the BIA. (ECF No. 3 at 2.) That motion remained pending before the Board through January 2020.[2] (*Id.*) Plaintiff also filed an emergency motion for a stay of removal with the Court of Appeals, (*see Id.* at 4), which was ultimately denied on December 23, 2019.[3] (*See Akintoye Laoye v. Att'y Gen.*, Third Circuit Docket No. 19-2311 at Document No. 003113442369). In early December 2019, a few days after reporting to an intensive

---

[1] In his filings, Plaintiff references his removal proceedings several times, and he attaches to his amended complaint a copy of a form warning for failure to depart the United States. (*See* ECF No. 3-2 at 5.) The immigration identification numbers attached to that document confirm that he is the same individual who was the subject of the Third Circuit's decision in *Laoye*, and Plaintiff submitted a short excerpt from the Third Circuit's opinion with one of his prior motions. (*See* ECF No. 16 at 6.) This Court therefore uses the Third Circuit's description of Plaintiff's immigration history from that opinion to provide context to his current complaint.

[2] Plaintiff states in his amended complaint that he never "received any documents stating that his request for [a] stay was denied" and therefore assumes that he must have been granted a stay. (ECF No. 3 at 2.) He never actually alleges that the BIA granted him a stay of removal. Based on later documents showing that he was, indeed, removed from the United States (*see* ECF No. 13) in late 2020, it appears that his request for a stay was ultimately denied. Publicly available immigration automated case information indicates that Petitioner's motion to reopen was denied in February 2020. *See Automated Case Information*, Executive Office For Immigration Review (last accessed 7/1/21), .

[3] In June 2019, Plaintiff was granted a temporary stay by the Court of Appeals, but the Third Circuit vacated that temporary stay in an order issued on November 14, 2019. (*See Akintoye Laoye*, Third Circuit Docket No. 19-2311 at Document No. 003113410894 at 2).

supervision program, Plaintiff was taken back into immigration custody by Defendants, all of whom are unnamed ICE officers, so that they could effectuate his removal as they believed Plaintiff had "not[h]ing pending" to prevent his removal. (ECF No. 3 at 2.) Plaintiff therefore contends that he was illegally arrested and detained when he was placed back into immigration detention. Plaintiff further asserts that after his arrest Defendants sought to "force him onto a plane" despite his attempts to continue to fight his long-final removal order, which he contends amounts to a violation of Due Process as he believes attempts to remove him amount to an illegal "attempt to forcefully remove plaintiff from jurisdiction of civil proceedings." (*Id.* at 4.) Plaintiff was also apparently injured during these events, but he provides no details as to how these injuries occurred, though he does assert that he was subjected to "excessive force." (*Id.* at 5.)

Plaintiff filed his initial complaint in this matter in January 2020. (ECF No. 1.) He thereafter filed his currently pending amended complaint. (ECF No. 3.) Plaintiff also repeatedly sought *in forma pauperis* status to proceed in this matter without prepaying the filing fees, but those requests were denied without prejudice. (*See, e.g.,* ECF Nos. 9, 19.) On November 30, 2020, Plaintiff filed a proposed complaint containing claims he wished to raise in this matter pursuant to the Federal Tort Claims Act. (ECF No. 14.) On June 21, 2021, however, he filed a motion in which he requested that this Court "close" that proposed complaint without prejudice so that he can complete the exhaustion of his claims before proceeding with a FTCA claim, which this Court construes as a request to withdraw his proposed FTCA complaint. (ECF No. 22.) Plaintiff thereafter also filed motions to reopen this matter and to proceed *in forma pauperis*. (ECF Nos. 23-24.)

## II. LEGAL STANDARD

This Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status in this matter. Pursuant to that statute,

this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not

4

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III. **DISCUSSION**

In his operative amended complaint (ECF No. 3), Plaintiff seeks to raise three claims pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971), the judicially created analog to a civil rights complaint brought pursuant to 42 U.S.C. § 1983 applicable to claims against federal government actors. Those claims include a false arrest and imprisonment claim in which he asserts that Defendants improperly took him back into immigration custody, a claim in which he asserts that he was denied Due Process when federal agents attempted to remove him from the United States in late 2019 or early 2020, and a claim in which he asserts that the agents who attempted to remove him used excessive force in doing so. This Court will address each claim in turn.

Civil rights claims for false arrest and false imprisonment are two sides of the same coin and share common elements – that a plaintiff was arrested or taken into government custody and that the government agents effectuating this seizure lacked probable cause to do so. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995); *see also Berg v. Cnty. of Allegheny*, 219 F.3d 261, 268-69 (3d Cir. 2000). In this matter, Plaintiff alleges that ICE agents took him into custody in an attempt to effectuate his administratively final order of removal. That order, combined with the Government's belief that it would be able to remove Plaintiff in the reasonably foreseeable future is sufficient to justify Plaintiff's detention under the relevant immigration detention statute. *See, e.g., Jennings v. Rodriguez*, --- U.S. ---, 138 S. Ct. 830, 843-44 (2016) (8

5

U.S.C. § 1231(a) authorizes Government to detain aliens subject to administratively final orders of removal for "a period reasonably necessary to secure removal" even after expiration of the statutory removal period). As Plaintiff has failed to plead facts indicating that the Government had no reason to believe that it would be able to remove him upon taking him into custody,[4] and the Government in fact *was* able to remove him from the United States, Plaintiff has failed to show that Defendants lacked probable cause to take him into custody, and his false arrest and imprisonment claim must therefore be dismissed without prejudice.

Plaintiff next alleges that he was denied Due Process when officers tried to remove him from the United States shortly after his being taken back into immigration detention in December 2019. Plaintiff does not dispute, however, that he was already subject to an administratively final order of removal, and had thus received the process he was due prior to being removed from the United States. It is not clear what process Plaintiff believes he was denied, nor how the attempt of the Government to effectuate Plaintiff's final removal order denied him such process. Plaintiff's removal related Due Process claim is therefore dismissed without prejudice.

Finally, Plaintiff contends that he was subjected to excessive force during the Government's attempt to remove him. Whether brought pursuant to the Fourth Amendment or the Due Process Clause, such a claim at minimum requires the plaintiff to provide facts which would indicate that the use of force in question was objectively unreasonable in light of the facts and circumstances involved. *See, e.g., Lombardo v. City of St. Louis, Mo.*, --- U.S. ---, 2021 WL 2637856, at *1-2, *1 n. 2 (2021). Here, Plaintiff pleads only that federal officers sought to remove

---

[4] Plaintiff's only apparent reason for believing the Government could not remove him is his belief that he was still subject to a stay of removal at the time of his arrest and the initial attempt to place him on a plane, but it is clear that the Third Circuit had vacated his stay of removal prior to his arrest and denied his subsequent request for a stay shortly thereafter. That previously applicable stay thus has no effect on the probable cause of officers to take Plaintiff into custody in December 2019.

6

him and that he was injured in the process. He does not detail what force was used against him, nor does he provide any context or detail about the incident in question. Plaintiff has thus failed to plead facts which would indicate that the use of force in question was unreasonable, and Plaintiff therefore fails to state a plausible claim for relief. Plaintiff's excessive force claim is therefore dismissed without prejudice.[5]

In addition to his amended complaint and its *Bivens* claims, Plaintiff filed in this matter a proposed FTCA complaint. (ECF No. 14.) On June 21, 2021, Plaintiff filed an "emergency motion" in which he requested that this Court "close" his FTCA complaint "without Prejudice." (ECF No. 22 at 1). In that motion, he requested that he be permitted to have his FTCA complaint "closed" without prejudice while he pursues administrative remedies, and that he be permitted to pursue his *Bivens* claims separately from his FTCA complaint. (*Id.*) This Court thus construes Plaintiff's motion to be a request to withdraw his FTCA complaint and have it dismissed without prejudice. This Court will therefore grant the motion, and dismiss Plaintiff's proposed FTCA complaint (ECF No. 14) without prejudice to Plaintiff filing a new FTCA action should his administrative remedies not resolve his claims.

---

[5] Although the Court need not reach the issue at this time in light of the Plaintiff's failure to set forth a plausible claim for relief, the Court notes that the Supreme Court has cautioned against expanding the *Bivens* remedy into new contexts absent compelling reasons. *See Ziglar v. Abbassi*, --- U.S. ---, ---, 137 S. Ct. 1843 (2017). Plaintiff's Due Process claim related to his attempted removal, at least, falls beyond the scope of those forms of *Bivens* claim which have been recognized by the Supreme Court, and may well run afoul of *Ziglar* had Plaintiff pled a plausible claims for relief, and thus may not be cognizable absent compelling reasons for expanding the scope of *Bivens*

7

IV. **CONCLUSION**

For the reasons expressed above, Plaintiff's motions to reopen this matter and proceed *in forma pauperis* (ECF Nos. 23-24) are **GRANTED**; Plaintiff's motion to withdraw his FTCA complaint (ECF No. 22) is **GRANTED**, Plaintiff's FTCA complaint (ECF No. 14) is **DISMISSED WITHOUT PREJUDICE** to Plaintiff filing a new FTCA action should his administrative remedies fail to resolve his claims, and Plaintiff's operative amended complaint (ECF No. 3) is **DISMISSED WITHOUT PREJUDICE** in its entirety. An order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE