**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

AKINTOYE LAOYE,

                Plaintiff,

        v.

JOHN DOE, *et al.*,

                Defendants.

Civil Action No. 20-1149 (MAS) (DEA)

**OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's second amended complaint. (ECF Nos. 27-28.) Because Plaintiff has previously been granted *in forma pauperis* status in this matter, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, or fails to state a claim upon which relief may be granted. For the following reasons, the Court dismisses Plaintiff's second amended complaint without prejudice in its entirety.

## I.    BACKGROUND

Plaintiff is:

> a native and citizen of Nigeria [who] entered the United States in 1996 . . . and later adjusted to F-1 non-immigrant student status. In 2008, he was charged as removable for failure to maintain full-time student status. [Plaintiff] was found removable on that basis, [received an administratively final order of removal,] and [the Third Circuit] denied his petition for review.

> [Plaintiff] subsequently filed several motions to reopen [his removal proceedings], which the [Board of Immigration Appeals ("BIA")] denied.

*Laoye v. Att'y Gen.*, 677 F. App'x 41, 42 (3d Cir. 2017). These motions to reopen proceedings were ultimately denied by the BIA as both time barred and successive, and the Third Circuit affirmed the denial of the motions. *Id.* at 42-43.

In September 2019, Plaintiff filed a new motion to reopen his removal proceedings accompanied by a request for a stay of removal with the BIA. (ECF No. 3 at 2.) That motion remained pending before the Board through January 2020. (*Id.*) Plaintiff also filed an emergency motion for a stay of removal with the Court of Appeals, (*see id.* at 4), which was ultimately denied on December 23, 2019. (*See Akintoye Laoye v. Att'y Gen.*, Third Circuit Docket No. 19-2311 at Document No. 003113442369.) In early December 2019, a few days after reporting to an intensive supervision program, Plaintiff was taken back into immigration custody by Defendants, all of whom are unnamed ICE officers, so that they could effectuate his removal. (ECF No. 27 at 1-2.) Plaintiff believes that his arrest and placement in immigration detention pending his removal from the United States was improper for several reasons – he was at that time seeking a stay of removal, he had filed documents requesting that this Court enjoin his removal, the ICE officers misstated the basis for his final order of removal, and by taking him into custody, officers left Plaintiff's elderly father without a caretaker and risked triggering Plaintiff's own PTSD. (*Id.* at 2-6.) Although Plaintiff had filed motions for a restraining order and requests for a stay, at the time the officers arrested Plaintiff, he was not subject to any court ordered injunction or stay of removal. (*See Akintoye Laoye v. Att'y Gen.*, Third Circuit Docket No. 19-2311 at Document No. 003113410894, vacating temporary stay in November 2019.)

On December 9, 2019, ICE agents attempted to remove Plaintiff from the United States by placing him on a plane. (ECF No. 27 at 4.) While the officers were placing Plaintiff on the plane, he suffered a spinal injury and the exacerbation of a pre-existing hernia. (*Id.*) Although Plaintiff alleges that this was the result of excessive force, he does not allege what actions were taken, who

took those actions, or how he was injured specifically. (*Id.*) Plaintiff's physical resistance, however, delayed attempts to remove him and he returned to immigration custody. (*See, e.g.,* ECF No. 6-7, 16.) In October 2020, however, Plaintiff was successfully removed from the United States. (*See* ECF Nos. 11-13.)

## II.   **LEGAL STANDARD**

This Court is required to screen Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status in this matter. Pursuant to that statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## III.  <u>DISCUSSION</u>

In his amended complaint (ECF No. 3), Plaintiff seeks to raise several claims pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 397 (1971), the judicially created analog to a civil rights complaint brought pursuant to 42 U.S.C. § 1983 applicable to claims against federal government actors. Those claims include a false arrest and imprisonment claim in which he asserts that Defendants improperly took him back into immigration custody, claims asserting that the officers who took him into custody were deliberately indifferent to both his and his ailing father's medical needs, a claim asserting that his arrest and removal were somehow improper because officers misunderstood the legal basis for his final order of removal, and a claim in which he asserts that the agents who attempted to remove him used excessive force in doing so. This Court will address each claim in turn.

Civil rights claims for false arrest and false imprisonment are two sides of the same coin and share common elements – that a plaintiff was arrested or taken into government custody and that the government agents effectuating this seizure lacked probable cause to do so. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995); *see also Berg v. Cnty. of Allegheny*, 219 F.3d 261, 268-69 (3d Cir. 2000). In his amended complaint, Plaintiff alleges facts clearly indicating that ICE agents took him into custody in an attempt to effectuate his administratively final order of removal – indeed, he alleges they attempted to place him on a plane within three days of his arrest. That order, combined with the Government's belief that it would be able to remove Plaintiff in the reasonably foreseeable future is sufficient to justify Plaintiff's detention under the relevant immigration detention statute. *See, e.g., Jennings v. Rodriguez*, --- U.S. ---, 138 S. Ct. 830, 843-44 (2016) (8 U.S.C. § 1231(a) authorizes the Government to detain aliens subject to administratively final orders of removal for "a period reasonably necessary to secure removal" even after expiration of the statutory removal period). As Plaintiff has failed to plead facts indicating that the Government had no reason to believe that it would be unable to remove him upon taking him into custody as he was not subject to any stay or injunction preventing his removal at the time of his arrest, and the Government in fact *was* able to remove him from the United States, Plaintiff has failed to adequately allege that Defendants lacked probable cause to take him into custody, and his false arrest and imprisonment claim must therefore once again be dismissed without prejudice.

Plaintiff also alleges that his arrest and removal were improper because certain officers misstated the legal basis for his administratively final order of removal, stating that they believed he was an aggravated felon when his removal order was in fact premised on his failure to maintain proper legal status. Plaintiff's claim, however, identifies no actual violation of Due Process. Although the officers may well have been misinformed as to the basis of Plaintiff's order of

removal, Plaintiff does not deny that he was subject to an administratively final removal order sufficient to warrant and justify his removal from the United States. Indeed, Plaintiff attaches a Third Circuit decision rejecting his appeal of that removal order to his amended complaint. That Plaintiff was in the process of unsuccessfully collaterally challenging that order through ultimately failed motions to reopen his removal proceedings in no way changes that Plaintiff was clearly subject to a valid removal order. Plaintiff received a final order of removal following lawful removal proceedings, which indicates that Plaintiff received the process he was due related to his removal. In addition, Plaintiff has otherwise failed to identify an actual Due Process issue arising from whatever mistaken assumptions the officers who arrested him may have had in taking him into custody. Plaintiff has thus failed to state a valid Due Process claim, and that claim is therefore dismissed without prejudice.

Plaintiff next contends that the officers who arrested him were deliberately indifferent to (1) his own medical needs in the form of his PTSD, which they risked triggering through Plaintiff's arrest, and (2) the medical needs of his ailing father who was left temporarily without a caretaker following Plaintiff's arrest. Although the Constitution imposes upon the Government a duty to provide care to those individuals who are taken into custody and are thus unable to seek and receive care on their own, this duty arises only because those individuals are not at liberty to care for themselves *because* of the Government's own actions. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 198 (1989). Where government actors have not taken an individual into custody, they are under no constitutional duty to see to his medical care and treatment. *Id.* at 200. As Plaintiff's father was not in Defendants' custody, and Defendants did not attempt to take him into custody, Defendants were under no constitutional obligation to provide him medical care. Plaintiff's deliberate indifference claim related to his father's medical needs, therefore, fails to state a claim for relief assuming *arguendo* that Plaintiff even has standing to bring such a claim.

Turning to Plaintiff himself, claims regarding a government actor's failure to care for the medical needs of an individual during and after an arrest generally arise out of the Due Process clause. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244-45 (1983). Due Process will only be violated by a failure to provide medical care where the plaintiff can show that the defendants were deliberately indifferent to a serious medical need. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003). To successfully plead such a claim, a plaintiff must plead facts showing that he had a serious medical need and that the defendants committed acts or omissions which are indicative of deliberate indifference to that need. *Id.* Deliberate indifference is a "subjective standard of liability consistent with recklessness" which will be found only where the defendant "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 582 (internal quotations omitted). Deliberate indifference therefore requires more than mere negligence. S*ee King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008).

Here, Plaintiff merely asserts that Defendants were "aware" that he suffered from PTSD and that "one of his triggers is law enforcement." (ECF No. 27 at 3.) Plaintiff, however, pleads no facts to support this bald allegation. Plaintiff does not plead who the specific officers were or how they would be aware of his mental health history. Plaintiff provides no real detail as to his alleged PTSD, how or when it was diagnosed, how Defendants could have learned of it, or how Defendants would have known that it would be "triggered" by his arrest. Plaintiff has thus failed to plead facts, as opposed to unsupported legal conclusions, indicating that Defendants actually were aware of his mental health issues. Plaintiff has also failed to plead facts that would support a plausible inference that Defendants were deliberately indifferent to Plaintiff's PTSD. Plaintiff merely pleads that he has some form of PTSD, and that he was arrested by a team of ICE officers. These allegations alone, without more, do not amount to deliberate indifference to medical needs,

and Plaintiff's medical claims are therefore dismissed without prejudice for failure to state a plausible claim for relief.

Finally, Plaintiff contends that he was subjected to excessive force during the Government's attempt to remove him on December 9, 2019.  Whether brought pursuant to the Fourth Amendment or the Due Process Clause, such a claim at minimum requires a plaintiff to provide facts which would indicate that the use of force in question was objectively unreasonable in light of the facts and circumstances involved.  *See, e.g., Lombardo v. City of St. Louis, Mo.*, --- U.S. ---, 2021 WL 2637856, at *1-2, *1 n. 2 (2021).  Here, Plaintiff pleads only that federal officers sought to remove him and that he was injured in the process.  He does not detail what force was used against him, nor does he provide any context or detail about the incident in question.  Plaintiff has thus failed to plead facts which would indicate that the use of force in question was unreasonable or excessive, and Plaintiff therefore fails to state a plausible claim for relief.  Plaintiff's excessive force claim is therefore dismissed without prejudice.  As the Court dismisses all of Plaintiff's claims without prejudice, Plaintiff's amended complaint is dismissed without prejudice in its entirety.

## IV.   <u>CONCLUSION</u>

For the reasons expressed above, Plaintiff's second amended complaint (ECF Nos. 27-28) is **DISMISSED WITHOUT PREJUDICE** in its entirety.  An order consistent with this Opinion will be entered.

s/ Michael A. Shipp

**MICHAEL A. SHIPP**

**UNITED STATES DISTRICT JUDGE**
